B. F. FARRAR, Appellant,

v.

W. A. BLAIR et al., Appellees.

No. 15293.

Court of Civil Appeals of Texas.

Dallas.

June 7, 1953.

Rehearing Denied July 12, 1957.

874

Austin S. Dodd and Grady Niblo, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., and Andrew J. Thuss, Jr., Dallas, for appellee.

CRAMER, Justice.

This action was filed by appellant Farrar against W. A. Blair, Horace H. Elam, and T. I. Rosser, Jr., alleging that the parties are joint owners in fee simple of 63 acres of land described in a deed from Fannie Bevill et al. to W. A. Blair, dated May 18, 1951, of record in Vol. 3524, p. 348, Deed Records of Dallas County, Texas; that he, Farrar, owns a 1/16th undivided interest therein, or a 6.25% of the whole plus 15% of a 3/16ths interest or a 2.812% interest of the whole less 2½% of 9/16ths interest, or 6.5% of the whole, making plaintiff's undivided interest 8.4375% of the whole. Defendant T. I. Rosser, Jr., claims to own 2½% of 9/16ths undivided interest, or .625% of the whole. Defendants W. A. Blair and H. H. Elam jointly own the remaining un-

divided interest in said land, to-wit: 91.5625% of the whole, but plaintiff is not informed as to what portion of such remaining undivided interest is owned by Blair or Elam, as that is a matter wholly between themselves; alleged that Blair and Elam operate on and from said land a joint business or enterprise known as Blair-Elam Sand & Gravel Company; alleged the value of the property at $5,000; its rental value at $400 to $500 per annum; and that Blair and Elam after May 18, 1951, while he, Farrar, owned an interest therein, without his consent, operated a mine for sand and gravel and have removed therefrom large quantities of dirt, sand and gravel of commercial value, and are continuing to do so; that portions of the land not yet mined are underlaid with dirt, sand and gravel of commercial value; that the removal of such dirt, sand and gravel left large pits and holes and the surface uneven and that it will be necessary for the court to appoint a surveyor to determine the quantity removed before a just partition can be made; that Blair and Elam have not accounted to him; that such operations have decreased the value of the land to the extent of the value of the material removed plus his 8.4375% interest in the land to be taken out of and deducted from the undivided interest of Blair and Elam, or in the alternative that a lien be impressed upon their undivided interest for the value of Farrar's interest therein. Further pled in his second count after adopting the allegations in his second count that Blair and Elam are in exclusive possession of such tract of land and after demands they have refused to let him into joint possession or account to him for his undivided interest of 8.4375% in the rents, dirt, sand and gravel removed, all of which is or should be within the knowledge and possession of Blair and Elam, except that he has no knowledge as to the interest, if any, of T. I. Rosser, Jr.; and on information and belief that Blair and Elam began operations about September 1, 1953 and have removed therefrom about 125,000 loads of dirt, sand

and gravel, have sold same or converted it to their own use and benefit for other purposes without his, Farrar's consent; alleged the commercial value at the pit of such dirt, sand and gravel, but that the total amount removed is wholly within the knowledge of Blair and Elam and that he, Farrar, is entitled to an accounting and payment therefor; that Blair and Elam are daily depleting the value of the land by removal of dirt, sand and gravel and therefore a receiver and a surveyor should be appointed to ascertain the amount of dirt, sand and gravel removed and the balance of dirt, sand and gravel of commercial value which has not been removed therefrom. His prayer was for the appointment of a receiver and surveyor, an accounting, a decree establishing his interest in the property, and for general relief, costs, etc.

Blair and Elam answered in substance that Farrar has no interest or title in the property involved which is owned solely by them in fee simple, by plea of not guilty, that the instruments under which Farrar et al. claimed title are not in compliance with the statute of frauds for the reason that they do not sufficiently describe the property in controversy and the recording of such instruments under which Farrar claims; that such defects gave no notice to them that Farrar was claiming any part of the property in controversy. Also asserted certain defects in the conveyances and other instruments under which Farrar claims; pled that they were innocent purchasers; that the judgment in cause 15,494 is res adjudicata, estoppel, laches, and the three, five, ten and 25-year statutes of limitation. On the claim for rents, royalties, revenues, and other damage, pled the two-year statute and in the alternative that if he, Farrar, is found to be a tenant in common, then they had no knowledge of Farrar's claim, were innocent of his claim, and are entitled to offset against Farrar's claim the reasonable costs of loading, processing, selling, and other necessary expenses in removing the sand and gravel from the land. Blair

and Elam also separately filed a cross-action against Hubert Bevill, Clifton Bevill, and Jessie Bevill, based on their warranty of title and for the breach of such warranty.

Trial was to the court without a jury, who after hearing the evidence, etc., found the facts in substance as follows: (1) Blair acquired the 63 acres of land involved from Fannie Bevill, a widow, by warranty deed dated May 18, 1951; (2) all children of Mrs. Bevill and her deceased husband joined in the deed, each properly acknowledging it; (3) Blair on June 26, 1951 conveyed a one-half interest therein by general warranty deed to H. H. Elam, Elam having furnished one-half of the purchase price; (4) that grantor Fannie Bevill received approximately $12,000 and the eight surviving children each received 1/8th of approximately $12,000; (5) that an 80-acre tract of land out of which the 63-acre tract here involved was carved, was acquired by Fannie Bevill by general warranty deed dated March 25, 1933, from W. H. Snow, individually and as independent executor of the estate of Bertha E. Stewart, deceased, which in substance provided that Snow for a consideration of $3,100 cash sold to "Fannie Bevill as her separate property" the property here involved and warranted the title to her; (6) Paul H. Bevill was living on the date said deed was delivered on March 25, 1933; (7) Paul H. Bevill, died October 17, 1933; (8) four of the eight children of Paul Bevill, deceased, and Fannie Bevill, executed a deed May 31, 1934, which in substance recited that on October 17, 1933, Paul H. Bevill died and in 1933 what purported to be the last will and testament of Paul H. Bevill was probated; that in the opinion of the heirs, his children, the will was not in fact the will of Paul H. Bevill; that he was not of sound and disposing mind and memory at the time of its execution; that undue influence was used to induce him to sign it; and that it is void and should be set aside; and in writing employed attorneys and assigned to them an undivided 15% or

any recovery said attorneys might secure for them. (9) Such instrument was acknowledged and thereafter filed in cause No. 15,494 on July 5, 1934; (10) on November 27, 1934 Clifton Bevill, one of the eight children, executed to B. F. Farrar as grantee an instrument thereafter filed and recorded in the Deed Records of Dallas County, in which he assigned his ⅛th interest to B. F. Farrar; (11) B. F. Farrar thereafter obtained an assignment from the attorneys of their purported interest in the Estate of Jim Baker and T. H. Marberry and shortly before the filing of this suit obtained an assignment or transfer from one of the two surviving children of T. I. Rosser; (12) that on May 18, 1951 Fannie Bevill, widow, jointly with her children conveyed the 63 acres to W. A. Blair and on June 26, 1951, W. A. Blair conveyed a one-half interest in the 63 acres to Horace H. Elam, and neither Blair nor Elam had any knowledge that Farrar was claiming an outstanding interest in the 63 acres in question.

On such findings and the judgment that plaintiff Farrar take nothing and defendants Blair and Elam be discharged with their costs appellant has duly perfected this appeal, here briefing 12 points of error in three groups.

The first group (points 5 to 8 inclusive) assert error in the trial court's holding (5) that the settlement agreement between Fannie Bevill and her children and the probate court order confirming such order, were ineffectual to change apparent separate property of the widow to community property, since contrary to and not supported by the evidence; (6) that the property involved was separate property of Fannie Bevill and remained such until the deed to W. A. Blair, since contrary to and not supported by the evidence; (7) that the probate court was without jurisdiction to confirm the settlement agreement and thereafter administer the same as community property and is without support in evidence or in law; (8) probate court did

not seek by order to set aside the order probating the will.

These points are countered that trial court correctly held the title to the property in question vested in Blair and Elam and that the probate court in administering the estate of the deceased husband of Fannie Bevill could not and did not deprive her of title to her separate real estate.

The deed dated March 25, 1933 stipulated by the parties as the common source of title to the 63 acres of land involved, material here, recites: "That I, W. H. Snow, individually and as Independent Executor of the Estate of Bertha E. Stewart, deceased, of Dallas County, Texas, for and in consideration of the sum of Thirty One Hundred And No/100 dollars ($3100.00) cash to me in hand paid by Fannie Bevill, the receipt of which is hereby acknowledged; which sum of money is paid out of her separate funds and estate; Have Granted, Bargained, Sold and Conveyed and do hereby Grant, Bargain, Sell and Convey unto the said Fannie Bevill, as her separate property, of the County of Dallas, State of Texas, all of the following described property," properly describing the property here involved and followed by general warranty, etc.

At the time the deed was executed and delivered Fannie Bevill was the lawfully wedded wife of Paul H. Bevill. Paul Bevill thereafter died on or about October 17, 1933, leaving a will which was duly probated on November 7, 1933, in which Fannie Bevill was the sole beneficiary and the order probating the same has never been set aside or modified and is a valid existing judgment enforceable at this time.

The record also shows appellees' title is based upon a general warranty deed dated May 18, 1951 from Fannie Bevill, a widow, in which all the children of Paul Bevill, deceased, joined in conveying the land to W. A. Blair. The deed was properly acknowledged by the grantors. The consideration recited in the deed was $12,600 and was paid by W. A. Blair, one-half out of

his own funds and the other half by money furnished by Horace H. Elam. Thereafter Blair conveyed a one-half interest in the land to Elam. When the $12,000 was paid it was divided one-half to Mrs. Bevill and one-half to her children. The record also shows appellant's title is derived through the estate of Paul H. Bevill, deceased.

The record also shows that at the time the estate of Paul Bevill, deceased, through its representative conveyed the property in question to the predecessors in title of Farrar, the estate of Paul Bevill, deceased, had no legal or equitable interest in or title to the property since it was acquired by Fannie Bevill from the common source of title by deed which recited the consideration to have been paid out of her separate funds and estate. Paul Bevill therefore had no title and therefore conveyed none, unless, as asserted by appellant, in substance, that even though the prior deed conveyed the property to Fannie Bevill as her separate property, the probate proceedings "established it was in fact community property and agreed to by Fannie Bevill." We have held above that the property involved was not community property; therefore no title passed and since a purchaser at administrator's or executor's sale acquires only such title as the estate owned, and, as here the estate owned no title, Farrar acquired none. Arnold v. Southern Pine Lumber Co., 58 Tex.Civ.App. 186, 123 S.W. 1162, syl. 14, error dismissed; Newton v. Easterwood, Tex.Civ.App., 154 S.W. 646, error refused.

Neither do we find evidence of Fannie Bevill's statement or agreement that the property was community property, and the probate court had no jurisdiction to adjudicate or determine controversies or questions of fact as to title. Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657, and cases there cited. Points 5 to 8 are overruled.

Points 9 to 12 inclusive (second group) assert in substance: Error (9) in that the Bevill children being grantors in the deed to Blair and having participated in the consideration, were not strangers to the title; (10) in finding appellees were innocent purchasers without notice of any outstanding claim or title in appellant Farrar, the record being sufficient to charge them with constructive notice, rendered immaterial any lack of actual knowledge; (11) "court erred in fact finding No. 11 to show conveyance from Jim Baker and T. H. Marberry to appellant was duly acknowledged and filed for record May 15, 1935 in the Deed Records"; and (12) "The settlement Agreement of June 20, 1934 and other evidence being sufficient in law to show the Bevill children had an interest in the land in question, and the findings of the court to the contrary are not supported by the evidence." These points are countered that the trial court correctly held the probate court, in administering the estate of the deceased husband of Fannie Bevill, could not and did not deprive her of her title to her separate real estate.

What we have said under the first group of points as to the record is applicable here and is made a part of our statement under these points.

If the title to the property in question was the separate property of the wife, as we have held under points 5 to 8, and as the record in our opinion shows, the husband at the time of his death had no interest in or title to the separate property of his wife here involved after his wife survived him. Points 9 to 12 are overruled.

Points 1 to 4 inclusive (briefed as third group) assert error in trial court's (1) finding that Blair and Elam acquired fee simple title under the 1951 deed to W. A. Blair, is without support in the evidence; (2) finding and rendering judgment that appellant Farrar owned no interest in the land in suit, are each against the evidence; (3) finding that appellant owned no interest in the land in suit by virtue of his deed from Clifton Bevill dated November 27, 1934 which was forthwith filed for record, is contrary to and not supported by the evidence; (4) finding that appellant owned

no interest in the land in suit by virtue of transfer of 15% interest from Clifton, Hubert, Garney, and Jessie Bevill to three attorneys and the transfer from two of the attorneys to appellant by instrument duly recorded, and later by deed of ½ of ⅓ from one of the two heirs of T. I. Rosser, Jr., deceased, is contrary to and not supported by the evidence. Points 1 to 4 are countered that trial court correctly held (a) appellees Blair and Elam were bona fide purchasers for value from the record title holder without notice of the claim of Farrar, and (b) the instruments relied upon by Farrar were not valid conveyances of any interest in the real estate in question.

What we have stated under the other points is applicable here. The estate of Paul Bevill having no interest in the property, none was conveyed or passed to the claimants under the orders of the probate court. Points 1 to 4 are overruled.

Finding no reversible error in the trial court's judgment, it is

Affirmed.