Hillsborough,
No. 4481.

JEAN A. J. CHRETIEN, *Adm'r v.* ROMEO L. DUHAIME.

Argued May 1, 1956.

Decided July 6, 1956.

*Chretien & Chretien* (*Mr. Jean A. J. Chretien* orally), for the plaintiff.

*Bois & Bois* and *Broderick, Manning & Sullivan* (*Mr. Manning* orally), for the defendant.

LAMPRON, J.  Emma Duhaime died before the effective date of RSA 384:28-32 and therefore this case is not controlled by that statute. *Bradley* v. *State,* 100 N. H. 232.  Defendant's main contention is summarized in his brief as follows:  "The error we charge to the Court is that he found for the plaintiff because he believed and ruled that the burden was on the defendant to prove that he was entitled to keep the money withdrawn from the bank account.  We maintain that the Court should have nonsuited the plaintiff because he failed to prove an implied promise by the defendant to repay the money."

As to withdrawals made during the lifetime of the deceased the burden was on the plaintiff to prove that they were such as to create an obligation on the defendant to repay them instead of being in payment of a debt owed the defendant by his mother or a gift to him by her.  *Barrett* v. *Cady,* 78 N. H. 60, 67; *Harriman* v. *Bunker,* 79 N. H. 127, 131.  The evidence warranted the Court's finding that the plaintiff was not entitled to recover these amounts. They could be found to have been payments of her board and room, or gifts.

Even though the action be in assumpsit (see *Barrett* v. *Cady, supra,* 65) the withdrawal of the balance in the joint account made by the defendant after the death of his mother is governed by the principles in *Dover &c. Bank* v. *Tobin,* 86 N. H. 209; *Nashua Trust Co.* v. *Mosgofian,* 97 N. H. 17; *Cournoyer* v. *Bank,* 98 N. H. 385. The plaintiff was seeking to recover money which it is admitted by the defendant was at one time the sole property of the deceased.

Its deposit in a joint account in her name and that of Romeo was insufficient in itself to give him any ownership or interest in it. *Cournoyer* v. *Bank, supra,* 391. It continued to be and was the property of the deceased and the plaintiff was entitled to it, unless the actions of the deceased were effective to create a joint tenancy therein during her lifetime. *Id.,* 388.

The burden of overcoming the "presumption in this jurisdiction against an intention to create joint interests in personal property" was upon Romeo. *Dover &c. Bank* v. *Tobin, supra,* 210. He had the burden of proving all the elements of a valid gift, being all the facts essential to the validity of a gift *inter vivos,* as ruled by the Trial Court. *Nashua Trust Co.* v. *Mosgofian, supra,* 18.

The evidence did not compel a finding that the deceased intended to confer upon the defendant an equal right not only to withdraw funds from the account but also to "appropriate the money withdrawn." *Cournoyer* v. *Bank, supra.* The action of the Court being supported by the evidence and his rulings of law being proper the order must be

*Judgment on the verdict.*

All concurred.