MRS. ILA MAE KRUEGER, Petitioner
V.
MRS. EXA WILLIAMS, Respondent

No. A-8806. Decided June 20, 1962
359 S.W. 2d 48

546

*Abney, Hammett & Lynch, J. N. Hammett,* Lampasas (This firm appeared in Supreme Court only). *Chas. K. Word,* Meridian, *Cureton & Cureton,* Meridian, for petitioners.

*Byron L. McClellan* and *Robert W. Brown,* Gatesville, for respondent.

ASSOCIATE JUSTICE CULVER delivered the opinion of the Court.

In Hilley v. Hilley,[1] we expressly reserved for later decision the validity vel non of the survivorship right provided for in the case where bonds or certificates are purchased by the husband with community funds and issued in his name and that of some third person as co-owners. That question is here raised.

This case was tried upon an agreed statement of facts. Some five years before his death W. T. Williams purchased an investment share account in the principal sum of $10,000.00 from a savings and loan association. The certificate was issued in the name of W. T. Williams and/or Mrs. Ila Mae Krueger who was the daughter of Mr. Williams by a prior marriage. The certificate is not in evidence, but the receipt card recites "W. T. Williams and/or Ila Mae Krueger or payable to the survivor of either". Mr. Williams signed his name and that of Mrs. Krueger on the card. Shortly after her father's death Mrs. Krueger surrendered the certificate to the savings and loan association and on her demand the proceeds were paid to her. Later Mrs. Krueger as executrix of her father's will filed an inventory and appraisement of the estate setting out the facts with reference to the certificate and claiming the proceeds to be her individual property and not an asset of the estate. Over the objections of the surviving wife, Mrs. Exa Williams, the County Judge approved the inventory and appraisement. From that order Mrs. Williams took an appeal.

The district court decreed that the inventory should be corrected by the addition of $5,000.00 to the assets of the community estate, holding in effect that half of the proceeds of the certificate belonged to Mrs. Krueger as a gift from her father and half to the community. That court rejected the contention of Mrs. Krueger that the terms of the certificate created in her the right of survivorship, concluding that the parties failed to comply with the provisions of Sec. 46 of the Probate Code in that the written instrument was not signed by each of them. The Court of Civil Appeals reversed and rendered judgment directing that the entire proceeds of the certificate be inventoried as a community asset of the estate. 351 S.W. 2d 932.

---

1. 161 Texas 569, 342 S.W. 2d 565.

Although the inventory of the estate filed in the probate court is not conclusive of the title to the property therein listed or omitted, it is prima facie evidence of that fact. White v. Shepperd, 16 Texas 163; Moore v. Wooten (Com. App.) 280 S.W. 742 (1926).

■ We are of the opinion that the order of the probate court in this respect was appealable. Section 28, Probate Code, provides in part as follows: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county." See also Moore v. Mertz, Texas Civ. App., 1905, 85 S.W. 312, no writ history; Dulaney v. Walsh, Texas Civ. App., 90 Texas 329, 38 S.W. 748; Brown v. Fleming (Com. App.) 1919, 212 S.W. 483.

The principal holding made by the Court of Civil Appeals was that this transaction did not constitute a gift in praesenti by Mr. Williams to Mrs. Krueger, and the court incidentally observed that no attack was made in the trial court's determination that the evidence failed to establish a joint tenancy and survivorship contract. From an inspection of the briefs filed in the Court of Civil Appeals it appears that Mrs. Krueger raised that issue by counter point. While we agree that the transaction did not constitute a present gift to Mrs. Krueger of either half or all of the certificate proceeds nevertheless we are concerned with Mrs. Krueger's claim of a survivorship right to the entire proceeds.

While some contention is made to the contrary by Mrs. Krueger, we will assume that the funds used to purchase this certificate belonged to the community estate of Mr. Williams and his surviving wife since admittedly separate funds of Mr. Williams and those belonging to the community estate had been commingled over the years of that marriage in the joint bank account. The check given to the association was drawn on this account.

■ It is well settled in this state that in the absence of fraud upon the wife the husband has the sole right of control and disposition of the community property as he sees fit. Martin v. McAllister, 94 Texas 567, 63 S.W. 624, 56 L.R.A. 585; Volunteer State Life Ins. Co. v. Hardin, 145 Texas 245, 197 S.W. 2d 105, 168 A.L.R. 337. There is no claim of fraud here except it is asserted that this certificate purchase transaction constitutes constructive fraud upon the wife in depriving her of a portion of the community estate to which she would be otherwise entitled.

The evidence, in our opinion, fails to show fraud either actual or constructive, but rather the contrary affirmatively appears. At the time of his marriage to Mrs. Exa Williams, Mr. Williams was possessed of substantial separate property. There was in his bank account then something over $5,000.00. The account did not fall below that figure during the period that intervened up to the time of the purchase of the certificate when there was $19,000.00 in the account. Some time after the purchase of the certificate Mr. Williams sold certain of his separate real property for a consideration in excess of $10,000.00 and deposited the proceeds in the joint bank account. In his will he provided that his wife should take the one-half of their community property to which she was entitled under the law and in addition he devised and bequeathed to her one-fourth of all the property that he might own or be interested in at the time of his death. According to the inventory this one-fourth will amount to approximately $5,000.00. The three-fourths remaining he devised and bequeathed to his daughter, Mrs. Krueger, and to the children of a deceased child of the former marriage. No children were born to Mr. Williams and Mrs. Exa Williams.

■ Absent fraud it seems to be clear from the decisions relating to this problem that the status of the funds used to purchase the property, that is, whether it is community or separate, is immaterial and of no importance except in the husband and wife situation as presented in Hilley. Therefore, since no fraud is shown here the holdings in Chandler v. Kountze, Texas Civ. App., 130 S.W. 2d 327, er. ref.; Edds v. Mitchell, 143 Texas 307, 184 S.W. 2d 823, 158 A.L.R. 470; Adams v. Jones, Texas Civ. App., 258 S.W. 2d 401; Chamberlain v. Robinson, Texas Civ. App., 305 S.W. 2d 817, er. ref.; Johnson v. Johnson, Texas Civ. App., 306 S.W. 2d 780, er. ref., and McFarland v. Phillips, Texas Civ. App., 253 S.W. 2d 953, n.r.e., have some application to this survivorship problem.

In Chandler v. Kountze, where there was a conveyance of land to Kountze and another "as joint tenants, with all the rights of such tenants at common law, including the right of survivorship", the right of survivorship was upheld. The opinion in that case cited with approval Holt v. Bayles, 85 Utah 364, 30 P. 2d 715, 718, wherein one party claimed the proceeds of a bank account under an agreement with the deceased that the entire remainder of such bank account should go to the survivor and the claim was upheld as follows:

"Where there is a joint agreement executed by the parties

which clearly declares the intention to create a joint interest of each in the deposit or credit, the courts will sustain such intention thus expressed."

In Edds v. Mitchell at issue was the ownership of certain United States Savings Bonds that were payable to Julia E. Rhode and on her death to Retta B. Edds. The court adjudicated the ownership of these bonds to be in the beneficiary without reference to the contention that this result would follow because of the supremacy of the federal statute and U. S. Treasury regulations. The ownership in the beneficiary was predicated on the rule that a third person for whose benefit a contract is made whether he is a creditor or a donee has a right that he may enforce against the promisor. In so holding the court adopted the following language from Reynolds v. Danco, 134 N.J. Eq. 560, 36 A. 2d 420, 421:

"There was here * * * a contract between the decedent and the government, by the terms of which the defendant, as registered beneficiary, acquired a present vested though defeasible interest, contemporaneous with the superior rights of the decedent, and his death terminated his rights and left the defendant with an indefeasible ownership entitling her to demand payment of the proceeds."

In Davis v. East Texas Savings & Loan Association, 163 Texas 361, 354 S.W. 2d 926, where a savings and loan stock certificate was issued in the name of the husband or wife and a signature card was signed by each stating that the certificate was held by them as joint tenants with the right of survivorship, we recently held, that upon the death of the husband, the wife became the owner of the proceeds of the certificate as her separate property on the theory that the contract made by Davis with the association in respect to his separate funds was a valid and enforceable contract for the benefit of the third party.

The case here does not embrace the terms of such a contract as the one made with the government in Edds v. Mitchell nor that made with the savings and loan association in Davis v. East Texas, nor does it lie within the provisions of Sec. 46 of the Probate Code. The evidence does not even reveal whether or not Mrs. Krueger knew prior to her father's death of the purchase of the certificate. In our opinion the recitation falls short of expressing a clear intention to vest the absolute right of the ownership of the funds in the survivor.

■ The phrase "payable to the survivor" is not tantamount to the provision that "the certificate is held by them as joint tenants with the right of survivorship". However, the language appearing on this receipt card does serve to vest in Mrs. Krueger some present interest in and control over the certificate as well as the contractual right to possession of the proceeds as survivor. We therefore say that it does create a presumption of such intention on the part of the purchaser of the certificate and places the burden of proof on one claiming to the contrary. We have found no Texas authority squarely in point and the decisions in other jurisdictions reveal considerable diversity in approach to and in the solution of this problem, but it appears that the majority support the result we have reached.

In Staver's Estate, 218 Wis. 114, 260 N.W. 655 (1935) the right of the survivor to the proceeds of a certificate of deposit made payable to Joseph Staver or Frank J. Staver was upheld. The court pointed out that in the absence of clear evidence that the contract was a convenience account or was created under an express agreement that the third party would hold the proceeds for the benefit of the depositor or his heirs, the complete ownership must be held to be in the survivor. See also In re Pfeifer's Estate, 1 Wis. 2d 609, 85 N.W. 2d 360; Erwin v. Felter, 283 Ill. 36, 119 N.E. 926 (1918).

In Holbrook v. Hendrick's Estate, 175 Ore. 159, 152 P. 2d 573 (1944), the agreement setting up a joint bank account read "to us or either of us, or to the survivor of us". This provision was held to be some evidence of an intention on the part of the survivor to make a gift of a joint interest in the account that would suffice to make out a prima facie case in favor of the survivor asserting such an interest. This theory finds support in Castle v. Wrightman, 303 Mass. 74, 20 N.E. 2d 436 (1939); Tangren v. Ingalls, 12 Utah 2d 388, 367 P. 2d 179 (1961) In re Estate of Mueth, 179 N.E. 2d 695 (Ill. App. 1962).

Other jurisdictions hold that the burden rests upon the survivor to prove that the deposit was not merely a convenience account. Cournoyer v. Bank, 98 N.H. 385, 102 A. 2d 910 (1953);[1] Barbour v. 1st Citizens Bank, 77 S.D. 106, 86 N.W. 2d 526 (1957); King v. Merryman, 196 Va. 844, 86 S.E. 2d 141 (1955); In re Elliott's Estate, 378 Pa. 495, 106 A. 2d 453 (1954).

We therefore hold that the County Judge correctly approved

---

1. By statute in New Hampshire the presumption has been reversed. Chretien v. Duhaime, 100 N.H. 254, 124 A. 2d 208 (1956).

the inventory and appraisement as filed by the executrix. The judgments of the trial court and the Court of Civil Appeals are both reversed and the District Clerk of Bosque County is directed to certify this judgment to the County Court for observance.

Opinion delivered June 20, 1962.