Helen BROWN, Individually and as Independent Executrix, Appellant,

v.

Margaret LANE et vir, Appellees.

No. 16412.

Court of Civil Appeals of Texas.

Dallas.

Oct. 9, 1964.

Rehearing Denied Nov. 13, 1964.

Dan W. Lane, Fort Worth, for appellant.

Wardlow Lane, Center, for appellees.

DIXON, Chief Justice.

Helen Brown, individually and as Independent Executrix of the Estate of Helen Irene Reib, Deceased, brought this suit against Margaret Lane and husband alleging that the sum of $2,000 withdrawn by Margaret Lane from a joint account following the death of Helen Irene Reib is the property of the estate of the deceased. Margaret Lane is the daughter of the deceased.

Helen Irene Reib left a will in which she named Helen Brown as Independent Executrix. The will provided that Margaret Lane was to have a ring and that the remainder of the estate should go to Helen Brown.

On May 28, 1962, with money which was her separate property, Helen Irene Reib had opened a joint savings account in the name of herself and Margaret Lane in the South Oak Cliff State Bank. The account card, signed by both Helen Irene Reib and Margaret Lane, provides in part as follows:

"I hereby agree to the Terms and Conditions of the South Oak Cliff State Bank. Savings Dept., as contained in their pass book, upon which Savings Accounts are accepted, * * *

"Below please find duly authorized signatures, which you will recognize in the payment of funds or the transaction of other business on our (my) account."

* * * * * *
"South Oak Cliff State Bank is hereby authorized in accordance with an Act of 41st Legislature of Texas, Reg.Sess., known as S.B. 81, to pay to either of the undersigned or the survivor of them any funds now on deposit in this as well as any addition hereafter made thereto by either of the undersigned."

* * * * * *
"'* * * and mother and daughter by _____ , Agent,' is hereby authorized to withdraw during our joint lives any and all funds at any time

in this account. This authority may be revoked by either of us by written notice delivered to said Bank; * * *"

Appellant takes the position the agreement shown on the account card was entered into solely for the protection of the Bank under Art. 342–710, Vernon's Annotated Civil Statutes, Banking Code of 1943; and that as between Helen Irene Reib and Margaret Lane it must be viewed only as a testamentary agreement which has no validity because it does not meet the requirements of our statute in regard to the execution of wills.

Both appellant and appellees filed motions for summary judgment. Appellees' motion was sustained.

Appellant cites us to the opinion of our Supreme Court in Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48, 51–52, wherein the Court says that the survivorship provision there under consideration is not tantamount to a provision that "the certificate is held by them as joint tenants with right of survivorship." But the Court then goes on to say:

"However, the language appearing on this receipt card does serve to vest in Mrs. Krueger some present interest in and control over the certificate as well as the contractual right to possession of the proceeds as survivor. We therefore say that it does create a presumption of such intention on the part of the purchaser of the certificate and places the burden of proof on one claiming to the contrary."

Appellant claims that an affidavit attached to and made a part of appellees' motion for summary judgment rebuts any presumption there may have been that the agreement on the account card was intended as a joint tenancy agreement. This affidavit, executed by an employee of the Bank, contains this statement:

"I knew Helen Irene Reib during her life time and I recall that she came in-

to the bank on the 28th day of May, 1962 and made a deposit and I handled the matter for the bank. She, Mrs. Reib stated that she wanted this money to go to Mrs. Margaret Lane who was with her. I then told her that they would have to sign one of these joint survivors cards and they both signed the card, a true copy of which is attached to this affidavit, marked D–1, Mrs. Reib and Mrs. Lane signed the card on each side. I had known Mrs. Reib for over twenty years. She was very definite and positive in stating that she wanted this money to go to Mrs. Margaret Lane—she mentioned another party but said she was already taken care of and she wanted Mrs. Margaret Lane to get this money at her death."

We do not construe the affidavit as appellant would have us construe it. Though Mrs. Reib may have told the affiant that she wanted Mrs. Lane to get the money at her death, this in effect is saying no more than the written agreement itself says in the survivorship provision. Neither the statement by Mrs. Reib as shown in the affidavit, nor the text of the written agreement negatives the idea that it was the intention of Mrs. Reib to vest in her daughter a present defeasible interest in the money in question as well as a contractual right to possession of the proceeds. Quite the contrary, the agreement contains no qualification or limitation whatever on the right of Margaret Lane to withdraw all or any part of the money whenever she might desire to do so, or to spend it for any purpose she might desire.

In the Krueger case our Supreme Court cites with approval the holding of In re Staver's Estate, 218 Wis. 114, 260 N.W. 655, wherein it is said in effect that "in the absence of clear evidence that the contract was a convenience account or was created under an express agreement that a third party would hold the proceeds for the benefit of the depositor or his heirs, the complete ownership must be held in the survivor."

We think the above holding is applicable to the situation presented in the case at bar. See also Davis v. East Texas Savings & Loan Ass'n, 163 Tex. 361, 354 S.W. 2d 926.

The judgment of the trial court is affirmed.

Affirmed.