**Mary Poindexter LIGHT et vir, Appellants,**

v.

**E. M. FOREHAND et al., Appellees.**

**No. 435.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 16, 1969.

Rehearing Denied Nov. 13, 1969.

Glusing & Sharpe, Nelson R. Sharpe, Kingsville, for appellants.

Kugle & Douglas, William H. Kugle, Jr., Athens, for appellee, E. M. Forehand.

SELLERS, Justice.

Appellants' suit is to recover the proceeds of two certificates of deposit made by Mrs. J. B. Poindexter, deceased, with the Citizens State Bank of Malakoff. The suit is against the bank and E. M. Forehand, the duly qualified executor of the estate of Mrs. J. B. Poindexter. There seems to be no conflict as to the facts.

Mrs. J. B. Poindexter, on December 28, 1967, with her own separate funds purchased from the appellee bank a certificate of deposit, No. 616, made payable to Mrs. J. B. Poindexter or Mary Light. On January 9, 1968, Mrs. Poindexter purchased another certificate of deposit, No. 637, in the sum of $8,000, which certificate was likewise made payable to Mrs. J. B. Poindexter or Mary Light. Mrs. Poindexter died before the certificates became due, and the executor, finding the certificates among her papers, is claiming

the proceeds of the certificates as property of the estate of Mrs. Poindexter. The bank has refused to pay the same to either the executor or the appellant, Mary Light.

Both appellees confess that neither have any evidence as to why Mrs. Poindexter made the certificates payable to her daughter, Mary Light.

In a trial before the Court without a jury, the court rendered judgment that the proceeds of the certificates were the property of the estate of Mrs. Poindexter. From this judgment, the appellant has duly prosecuted this appeal.

Appellants' first assignment of error is as follows:

"1. THE TRIAL COURT ERRED IN FAILING TO DECLARE THAT THE CERTIFICATES OF DEPOSIT ARE PAYABLE TO MARY LIGHT AS A THIRD PARTY BENEFICIARY, SUCH CERTIFICATES SHOWING ON THEIR FACES THAT THEY ARE PAYABLE TO 'MRS. J. B. POINDEXTER OR MARY LIGHT.'"

Appellants and Appellees both rely to some extent on the case of Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48, by the Supreme Court. In this case, Mrs. Williams purchased an investment share account from a savings and loan association. The certificate was issued in the name of W. T. Williams and/or Mrs. Ila Mae Krueger, who was the daughter of Mr. Williams by a former marriage. The certificate was not in evidence but there was a receipt in evidence which recited that the account was payable to W. T. Williams and/or Ila Mae Krueger or the survivor of either. Following Mr. Williams' death, Mrs. Krueger claimed the proceeds to be her individual property rather than assets of the deceased's estate. Williams' second wife claimed the proceeds to be a part of the estate of Williams. The Supreme Court, after holding certain other cases

were not in point, nor was the case controlled by the provisions of Section 46 of the Probate Code, V.A.T.S., held as follows:

"The phrase 'payable to the survivor' is not tantamount to the provision that 'the certificate is held by them as joint tenants with the right of survivorship'. However, the language appearing on this receipt card does serve to vest in Mrs. Krueger some present interest in and control over the certificate as well as the contractual right to possession of the proceeds as survivor. We therefore say that it does create a presumption of such intention on the part of the purchaser of the certificate and places the burden of proof on one claiming to the contrary. * * *"

The Supreme Court states in its opinion that it found no Texas authority to support its conclusion and then cites with approval the following:

"In Staver's Estate, 218 Wis. 114, 260 N.W. 655 (1935), the right of the survivor to the proceeds of a certificate of deposit made payable to Joseph Staver or Frank J. Staver was upheld. The court pointed out that in the absence of clear evidence that the contract was a convenience account or was created under an express agreement that the third party would hold the proceeds for the benefit of the depositor or his heirs, the complete ownership must be held to be in the survivor. * * *"

The Stavers case by the Supreme Court of that State seems to leave no doubt that the appellant, Mary Light, is entitled to the proceeds of the certificates as her separate property, and we so hold.

The judgment of the trial court is reversed and here rendered for appellant, Mary Light, and all costs are charged against appellees.