**Raymond STEINBACH, Administrator of the Estate of Albert A. Kieke, Deceased, Appellant,**

v.

**Herbert W. KIEKE, Appellee.**

**No. 334.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1970.

Rehearing Denied March 18, 1970.

Charles Marshall, Marshall & Schaffer, Seabrook, for appellant.

Billy M. Payne, John M. Lawrence, Lawrence, Thornton & Payne, Bryan, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by Raymond Steinbach, administrator of the estate of Albert A. Kieke, deceased, against Herbert W. Kieke, appellee. The suit was brought to determine the ownership of a savings account in the Citizens State Bank of Somerville, Texas, styled, "Albert A. Kieke or Herbert W. Kieke." Following a trial to the court without a jury the trial court entered judgment for the defendant, Herbert W. Kieke. Appellee is duly perfected to this Court by the administrator of the estate.

Albert A. Kieke and Herbert W. Kieke were half-brothers. The savings account was opened by Albert Kieke in 1961 in the name of "Albert A. Kieke or Herbert W. Kieke" as shown on the passbook which was issued when the account was opened. The only record of the account is the passbook issued to Albert Kieke and the bank's ledger card on the account. There was no signature card in existence from which the nature of the account might be otherwise determined. Albert Kieke not only made the initial deposit but also made all of the subsequent deposits to the account. The passbook was found in Albert Kieke's possession at his intestate death in February, 1966. Following Albert Kieke's death the savings account showed a balance of $13,-260 on July 18, 1966.

The Citizens State Bank of Somerville had three employees and would be classified as a rural bank. When requested, the bank supplied "joint accounts with the right of survivorship" cards, but it does not appear that any such card was requested in the instant case. This bank has many such accounts which are without cards. Mr. Fletcher, an official of the bank, testified that he had no knowledge of any specific agreement made with Albert Kieke concerning the ultimate disposition of the account. He further testified that he did not feel the bank could pay Herbert W. Kieke the balance of the account after Albert Kieke's death.

■ After plaintiff had concluded introduction of his evidence the defendant moved for an instructed verdict. This motion was denied. The defendant then introduced his evidence and at the conclusion thereof again reurged his "motion." Such "motion" was then granted. Findings of fact and conclusions of law were neither requested nor made. The judgment of the trial court should therefore be affirmed if it can be upheld on any legal theory which finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup.1962); Seaman v. Seaman, 425 S.W.2d 339 (Tex. Sup.1968). The theory upon which appellant seeks to sustain the trial court's judgment is a third party beneficiary contract theory. It is his position that he is the third party beneficiary of a contract between the bank and Albert Kieke and as survivor of the account held in joint tenancy, claims to be the owner of such account.

The ownership of the joint tenancy bonds, certificates and accounts after the death of one of the owners thereof has been a subject of concern to the courts of this state in the past few years. The Supreme Court of this state has had its attention directed to them and to the third party beneficiary contract theory upon which they sometimes rely.

The initial emphasis of third party beneficiary contracts in situations of this nature occurred in Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823 (1945). Though basically a will construction case the ownership of five United States Savings Bonds came into issue. The bonds in issue were made payable to "Julia E. Rhode and on her death to Retta B. Edds." In upholding the survivorship provision of the treasury regulation applicable to such bonds, the Supreme Court stated, "In this state, as in most of the states, a third person for whose benefit a contract is made, whether he is a creditor beneficiary or a donee beneficiary, has *by virtue of the contract* a right that he may enforce by suit against the promissor." (Emphasis added.) The conclusion there reached was based on the holding that the contract between Mrs. Rhode and the United States government was for the benefit of Mrs. Edds and that when the bonds were purchased the latter acquired a present though defeasible interest in the bonds which became a full and absolute interest at Mrs. Rhodes' death.

In Davis v. East Texas Savings & Loan Ass'n., 163 Tex. 361, 354 S.W.2d 926 (1962), L. L. Davis purchased a stock or savings certificate. He later married and sometime thereafter had the certificate which he had purchased with separate property changed to read, " * * * L. L. Davis or Mrs. L. L. Davis." At this

time both Mr. and Mrs. Davis signed a signature card which stated that the certificate was held by them as joint tenants with right of survivorship. The Supreme Court held that this gave rise to a valid and enforceable contract for the benefit of a third party, Mrs. Davis, upon Mr. Davis' death, and that full ownership of the stock or savings certificate vested in her upon his death.

In Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48 (1962), Mr. W. T. Williams purchased a savings certificate with community property funds and the certificate was issued in the name of "W. T. Williams and/or Mrs. Ila Mae Krueger." Mrs. Krueger was Williams' daughter by a prior marriage. The receipt card recites, "W. T. Williams and/or Ila Mae Krueger or payable to the survivor of either." Mr. Williams signed his name and that of Mrs. Krueger on the card. In holding that the surviving co-tenant, Mrs. Krueger, was entitled to the certificate after Williams' death, the Court stated, "The phrase 'payable to the survivor' is not tantamount to the provision that 'the certificate is held by them as joint tenants with the right of survivorship'. However, the language appearing on this receipt card does serve to vest in Mrs. Krueger some present interest in and control over the certificate as well as the *contractual right to possession of the proceeds as survivor*. We therefore say that it does create a presumption of such *intention on the part of the purchaser* of the certificate and places the burden of proof on one claiming to the contrary." (Emphasis added.)

After Krueger, supra, the Supreme Court decided Quilter v. Wendland, 403 S.W.2d 335 (Tex.Sup.1966). There a Mrs. Lutz opened three savings accounts for $5,000 each and was issued a passbook for each account. Each passbook named herself and one of three different individuals as joint tenants. Mrs. Lutz gave her check to a representative of the savings association and in turn accepted the "three Gibraltar passbooks naming herself and the respondents as joint tenants with the right

of survivorship." (p. 337). Though Mrs. Lutz signed signature cards for the accounts these were never returned to the bank. The Court there held that the contract was complete when Mrs. Lutz deposited her check with the savings association representative and accepted the passbooks. Over a strong three judge dissent a third party beneficiary contract was held to be contained in the passbooks and was enforced for the benefit of each of the survivors. See also the no writ history case of Henry v. Powers, 447 S.W.2d 738 (Tex.Civ.App.1969). There the savings certificate recited, "This Certifies that Mrs. E. W. Wright and/or John L. Henry * * * has deposited in this Bank payable in current funds to either of themselves * * *." It was there held that the surviving joint tenant, after the death of the other, was entitled to the entire proceeds of the certificate as a result of a valid enforceable third party beneficiary contract.

In addition to the foregoing Supreme Court decisions there is a significant writ refused decision by the Dallas Court of Civil Appeals. In the case of Brown v. Lane, 383 S.W.2d 649, the account card was signed by both of the joint tenants, which among other things, stated that the bank was authorized "* * * to pay to either of the undersigned or the survivor of them any funds now on deposit in this as well as any addition hereafter made thereto by either of the undersigned." The Court cited Krueger, supra, and Davis, supra, as authority for its holding that the burden of proof was on the party contending that no survivorship agreement existed in that fact situation, and upheld the validity of the joint tenancy agreement.

We are of the opinion that the cited cases, each based upon a third party beneficiary contract theory and each holding for the surviving co-tenant, find their support in words of survivorship appearing in the bond, the passbook or account certificate, or in some instrument in writing issued or signed contemporaneously with the creation of the contract. In each the words of

survivorship are somewhat different but their trend makes it apparent that our courts are not only fully accepting the third party beneficiary contract theory but also are becoming more receptive to finding that different words constitute words of survivorship. See Horner, 27 Texas Bar Journal, 157 (1964); 18 Baylor L.Rev. 517 (1966).

In Light v. Forehand, 446 S.W.2d 355 (Tex.Civ.App.1969), writ of error granted, three certificates of deposit were simply "made payable to Mrs. J. B. Poindexter or Mary Light." There was no other instrument and no other terminology referred to or involved. The Court of Civil Appeals reversed the trial court in holding that the surviving co-tenant, Mary Light, was entitled to the proceeds of the certificates at the death of the other party, and cited Krueger v. Williams, supra, as its authority. As is noted, writ of error has been granted by our Supreme Court in this strikingly similar instance.

In the instant case there is only one instrument from which the Court is to ascertain the nature of the contractual agreement between the bank and Albert A. Kieke. This instrument is the passbook issued to him by the Bank at the time the account was opened. In indicating ownership it merely reflects "Albert A. Kieke or Herbert W. Kieke." Thus, there is but one single word, the conjunction "or" from which the Court is to determine whether there is in existence a third party beneficiary contract in favor of the survivor.

None of the cited Supreme Court cases have gone so far as to hold that a third party beneficiary contract is made in favor of the survivor where there are no written words of survivorship in an instrument brought into existence by the contracting parties at the creation of the acount, bond or certificates. The only indication of survivorship intent in the instant case came subsequent to the creation of the savings account, was unilateral in nature and is evidenced by no instrument in writing.

■ While the word "or" standing alone might be construed to vest a present interest in and control over an account at its creation, it gives no hint as to Albert Kieke's intention as to ultimate disposition. McClain v. Holder, 279 S.W.2d 105, writ ref., n.r.e. The use of two individuals names joined by the conjunction "or" cannot be said to create a presumption of survivorship intent on the part of the purchaser. It necessarily follows that the burden of proof in this instance is not placed on the one claiming that no survivorship intention existed. Krueger v. Williams, supra.

Accordingly, we hold that the word "or" without more, cannot be construed as a word of survivorship which would give rise to a third party beneficiary contract in favor of the survivor, Herbert W. Kieke, and that such conjunction did not place the burden of proof that no survivorship intention did not place the burden of proof that no survivorship intention existed on the administrator of the estate.

We are of the opinion that the judgment of the trial court must be reversed and the cause rendered for the appellant.