**Lela BIVENS et al., Appellants,**

**v.**

**Dorothy Marie Stratton BYERS, Individually and as Administratrix of the Estate of G. J. Stratton, Deceased, et al., Appellees.**

**No. 5540.**

Court of Civil Appeals of Texas,
Waco.

Jan. 29, 1976.

Rehearing Denied Feb. 26, 1976.

725

Brown & Hill, Nall, Harrison & Nall, Henderson, Bryant & Wolfe, William R. Bryant, Sherman, for appellees.

## OPINION

McDONALD, Chief Justice.

The question presented is that of ownership of five certificates of deposit which were issued by the First National Bank of Van Alstyne, Texas. One of the certificates was made payable to the order of "Minnie Elkins or G. J. Stratton", and each of the other 4 certificates were made payable to the order of one of the other appellants "or G. J. Stratton". The bank filed interpleader alleging G. J. Stratton purchased the five certificates, acknowledged it owes the amounts of such certificates, and impleads the appellants (sisters and a cousin of G. J. Stratton), and appellees (widow, administratrix of Estate, and children of G. J. Stratton).

The trial court rendered judgment awarding the Bank an attorney's fee, and decreeing the balance of such certificates of deposit to Appellee Administratrix of the Estate of G. J. Stratton.

Appellants appeal on 6 points contending:

The trial court erred in not recognizing appellants' rights as 3rd party beneficiaries and survivors of the contract between G. J. Stratton and the Bank, because the failure to so hold was against the great weight and preponderance of the evidence, and the contracts being uncontroverted and established as a matter of law.

G. J. Stratton in 1973 was about 80 years old; had a wife of many years and 5 children. In March and October, 1973 he came into the Van Alstyne Bank, where he was known and was a customer, and purchased 5 Certificates of Deposit, 4 for $2000. each, and 1 for $5000. He paid for them with cash out of his pockets, and requested that they be issued payable to the order of: "Lela Bivens or G. J. Stratton", "Susie Ruggles or G. J. Stratton", "Doll Boyd or G. J. Stratton", "G. J. Stratton or Ruby Stone".

McWhorter, Cobb & Johnson, Lubbock, for appellants.

The copayees are all sisters of Mr. Stratton except Ruby Stone who is a cousin. All 5 certificates provided that all interest would be paid to G. J. Stratton.

Mr. Stratton told the bank employee issuing the certificates that he did not want the people whose names were on the certificates to know about them; "that he wanted them to have and receive the funds". Mr. Stratton signed a signature card for each certificate. The bank employee showed Mr. Stratton the back of the signature card with the right of survivorship clause and attempted to explain this to him, but he was "not interested" and did not sign it.

Mr. Stratton died in March 1975, and his daughter Dorothy Marie Byers qualified as Administratrix of this Estate.

Succinctly stated the controlling facts before us are:

That G. J. Stratton purchased and requested issuance of 5 certificates of deposit "payable to the order of Lela Bivens [1] or G. J. Stratton". Mr. Stratton signed a plain signature card.

The certificate provided all interest be sent to Mr. Stratton. Mr. Stratton stated to the bank employee handling the transaction he wanted the copayees on the certificates to "receive the funds", but when shown the "Right of Survivorship" clause on the reverse side of the signature card and having same explained to him, Mr. Stratton said he was not interested and did not sign the "Right of Survivorship" signature card.

Appellants contend that the intent of Mr. Stratton was shown by parol evidence to create contracts of deposit with right of survivorship in each copayee, and that the trial court's finding to the contrary is against the great weight and preponderance of the evidence, and further that such contracts were established as a matter of law.

*Forehand v. Light,* S.Ct., Tex., 452 S.W. 2d 709 traces the development of the law in this field, and holds that where a certificate of deposit provides that amount on deposit is payable to the depositor *"or"* her daughter, and contained no reference to survivorship rights, the daughter had no right to the proceeds of the certificates, on death of the depositor.

To the same effect is *Steinbach v. Kieke,* CCA (Houston 14th) NWH, 451 S.W.2d 956.

*Henry v. Powers,* CCA (Houston 1st) NWH, 447 S.W.2d 738 holds that in a depositor "or" named copayee situation (as in *Light, Steinbach* and the case at bar), that parol testimony as to the circumstances under which the contracts were entered is admissible to determine the real intention of the parties.

Assuming that parol evidence admissible in the instant case to determine the real intention of Mr. Stratton, we think the trial court authorized to find and hold from the evidence, as he did; that there is ample evidence to support the judgment; and that the judgment is not against the great weight and preponderance of the evidence.

All appellants' points have been considered and are overruled.

Affirmed.

1. Other names appeared as copayee on the other 4 certificates.