John L. EGENBACHER, Independent Executor of the Estate of E. A. Egenbacher, Deceased, Appellant,

v.

Barbara BARNARD, as next friend for Erwin Andrew Barnard and Payton Ellis Tankersley, Individually, Appellee.

No. 5226.

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1978.

Madison Sowder, Hurley & Sowder, Lubbock, Joe Reeder, Jr., Knox City, for appellant.

John B. Garrett, Garrett & Burkett, Fort Worth, for appellee.

DICKENSON, Justice.

Barbara Barnard, as next friend of her minor son, Erwin Andrew Barnard, and Payton Ellis Tankersley (plaintiffs) sued John L. Egenbacher, Independent Executor of the Estate of E. A. Egenbacher, Deceased (defendant) to recover $77,119.74 plus interest, being the proceeds of four savings accounts which E. A. Egenbacher had established. Three of the savings accounts named E. A. Egenbacher, Payton Ellis Tankersley and Erwin Andrew Barnard "as joint tenants with right of survivorship and not as tenants in common." The other one was "E. A. Egenbacher, payable at death to Payton Ellis Tankersley and Erwin Andrew Barnard." The funds in all four savings accounts were furnished by E. A. Egenbacher. The two survivors are his grandchildren. Defendant took possession of all four savings accounts, but the trial court held, after a nonjury trial, that plaintiffs are entitled to them. Defendant appeals. We affirm.

The trial court made the following findings of fact:

9. That Erwin Andrew Egenbacher, Deceased, was not physically or mentally capable of making decisions on business matters and other acts after on or about July 25, 1973, when he started taking Demerol in the hospital at Knox City, Texas.

10. That Erwin Andrew Egenbacher, Deceased, was not aware of his acts and deeds in signing a letter dated August 7, 1973, to First Savings and Loan Association, Bowie, Texas, wherein he attempted to remove his grandsons' rights of survivorship.

The trial court made the following conclusion of law:

2. That Erwin Andrew Egenbacher, Deceased, was not competent to make decisions on business matters or other acts after on or about July 25, 1973, and

the attempted changes on the three (3) accounts at Olney Savings Association and the one (1) account at First Savings and Loan Association, Bowie, Texas, were void and of no effect.

■ Defendant's first point of error is that there is no evidence to support findings of fact number 9 and number 10. We disagree. When a party asserts that there is no evidence to support the findings and judgment of the trial court, it is our duty to view the evidence in its most favorable light in support of the judgment. We are to consider only the evidence and inferences which support the findings and the judgment. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974). There is evidence that Erwin Andrew Egenbacher was not mentally competent to make decisions on business matters after July 25, 1973. On that date, he was moved from Scott and White Hospital at Temple, Texas, to the Knox County Hospital for terminal care after surgery for cancer. He died on August 27, 1973. Dr. Robert G. Howell and Dr. Ted C. Alexander, Jr., saw him twice each day when they made rounds at the Knox County Hospital. Both of them testified by deposition, and their testimony shows that he was on extensive medication to relieve pain. He was apprehensive and depressed. The medication caused him to be confused, and it caused his mental status to be "cloudy at best." The doctors kept him sedated while he was in the hospital at Knox City.

Defendant's second point of error is that findings of fact number 9 and number 10 are against the great weight and preponderance of the evidence. We disagree. We have considered all of the evidence, and we find that those findings are not against the great weight and preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Conclusion of law number 2 is supported by findings of fact number 9 and number 10.

■ Defendant's third point of error is that the trial court erred in holding that the decedent's attorney was not authorized to modify the savings accounts by removing the grandchildren's names from the accounts. We disagree. The trial court held that decedent became incompetent before he attempted to authorize the attorney to change the accounts, and such finding is supported by the evidence.

■ Defendant's fourth point of error is that the trial court committed reversible error in excluding from evidence the testimony of Fred Egenbacher as to the intention of the decedent regarding the savings accounts. We disagree. This lawsuit falls within the prohibition of Article 3716, Tex. Rev.Civ.Stat.Ann. (1926), which provides in part that:

> In actions by or against executors . . in which judgment may be rendered for or against them as such, *neither party* shall be allowed to testify against the others as to any transaction with, or statement by, the testator . . . . (emphasis added)

Fred Egenbacher was named as co-trustee under decedent's will, and he is a "party" whose testimony is barred. *Chandler v. Welborn,* 156 Tex. 312, 294 S.W.2d 801 (1956), states that:

> As a general rule the word "party" means a person who has a direct and substantial interest in the issue to which the testimony relates and who is *either* an actual party to the suit *or* will be bound by any judgment entered therein. . . . (emphasis added)

■ Defendant's fifth point of error is that the trial court erred in finding that the grandchildren were joint owners of the accounts. We disagree. The executive vice-president of First Savings and Loan Association of Bowie testified that the account was originally set up as "E. A. Egenbacher, payable at death to Payton Ellis Tankersley and Erwin Andrew Barnard." There was no attempt to change this account prior to the time that decedent became incompetent. The three accounts with Olney Savings Association are governed by contracts signed by E. A. Egenbacher, each of which names E. A. Egenbacher, Payton Ellis Tankersley and Erwin

Andrew Barnard as "joint tenants with right of survivorship." Each contract provides in part that the association is directed "to pay, without any liability for such payment, to any one or the survivor or survivors at any time." These three accounts were not changed before E. A. Egenbacher died.

We hold that the grandchildren became the owners of all four savings accounts, as third party beneficiaries, under the contractual agreements which E. A. Egenbacher had made with the savings associations. *Quilter v. Wendland*, 403 S.W.2d 335 (Tex. 1966); *Krueger v. Williams*, 359 S.W.2d 48 (Tex.1962).

*Quilter* makes it clear that the contracts were completed when E. A. Egenbacher furnished the money to the savings associations and accepted the passbooks; that it was not necessary for the grandchildren to sign the signature cards; and that the grandchildren may recover on those contracts as third party beneficiaries.

The judgment of the trial court is affirmed.