COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-188-CV
 
TEDDY WAYNE GARNER, INDIVIDUALLY       
           
           
           
           
           
APPELLANT
AND AS INDEPENDENT EXECUTOR OF THE
ESTATE OF EDNA FAYE LONG, DECEASED
V.
HENRY T. LONG, JR., INDEPENDENT       
           
           
           
           
                 
APPELLEE
EXECUTOR OF THE ESTATE OF HENRY
T. LONG, SR. DECEASED
------------
FROM PROBATE COURT NO. 1 OF TARRANT COUNTY
------------
OPINION
------------
This is an appeal from a summary judgment
granted to appellee, Henry T. Long, Jr. (Henry), as independent executor of
Henry T. Long, Sr.'s estate. Appellant Teddy Wayne Garner (Teddy), independent
executor of Edna Faye Long's estate, contends that the trial court improperly
granted summary judgment because (1) the motion is legally insufficient; (2) the
evidence in support of the motion is legally insufficient; (3) fact issues
precluded the granting of the motion; and (4) the order granting the motion was
barred by res judicata. We modify the trial court's judgment, affirm it as
modified, and remand for recalculation of prejudgment interest according to the
modified award.
I. Factual Background
Edna Faye Long (Wife) and Henry T. Long,
Sr. (Husband) married on October 7, 1982. Both had children from previous
marriages and none from their union. Wife died in July 1998. The probate court
admitted her will to probate, naming Teddy as the independent executor. Teddy
then filed an inventory, appraisement, and list of claims with the probate
court, which showed $300,000 of real property, consisting of the couple's home
and a condominium as her separate property; $374,974.34 of her personal property
consisting of furniture and fixtures, a Bank of America certificate of deposit
totaling $62,974.34, a Bank of America certificate of deposit totaling $100,000,
a Bank of America checking account totaling $100,000, and a NationsBank
certificate of deposit totaling $100,000 (the four accounts) as her separate
property; and $8,376.67 in cash and a vehicle as her personal community
property. Her will gave Husband the right to use the home, the automobile, and
$30,000 in cash. The probate court never approved Wife's inventory.
In January 1999, Henry, the son from
Husband's previous marriage, acting through a power of attorney, filed an
adversary proceeding against Wife's estate to have her will construed and to
have the character of the home determined with a declaration of homestead rights
for Husband. Husband died in May 1999, and Henry was appointed independent
executor of his estate. Henry filed an inventory, appraisement, and list of
claims in Husband's estate, and the court approved it on November 18, 1999.
Husband's inventory claimed $375,118.61 cash in community property bank
accounts. Four of these bank accounts were the same ones listed on Wife's
inventory as her separate property.
On November 18, 1999, Henry filed his
"First Supplemental Petition" in the adversary proceeding, requesting
that the court issue a declaratory judgment that Wife's will did not put Husband
to an election and that Husband's estate was entitled to retain his half of the
community property. On December 14, 2000, after the parties submitted stipulated
facts to the trial court, the trial court determined that (1) the home was
community property; (2) Wife's will granted Husband a life estate in the home as
well as specific bequests of $30,000 in cash and automobile; and (3) Wife's will
did not put Husband to an election; and (4) the order covered "any other
matters presently pending." This court affirmed the trial court's ruling in
July 2001, and the Texas Supreme Court has denied review. Garner v. Long,
49 S.W.3d 920 (Tex. App.--Fort Worth 2001, pet. denied).
On November 16, 2001, Henry filed a motion
for summary judgment requesting that the trial court award him half of the sale
proceeds of the home and interest accrued thereon, $30,000 in cash, and half of
the $366,351.01 that was reported as Husband's and Wife's community property in
Husband's November 18, 1999 order approving his inventory. These assets were not
divided or addressed by the trial court's earlier December 2000 ruling. The
trial court granted Henry's motion for summary judgment.
II. Analysis
In one issue, Teddy challenges the trial
court's granting of the motion for summary judgment in Henry's favor. He attacks
the order on four bases: that the motion itself was legally insufficient; that
the evidence in support of the motion was legally insufficient; that fact issues
were raised that should have precluded the grant of the motion for summary
judgment; and that Henry's motion was barred by res judicata. We will address
each in turn.
A. Res Judicata
Teddy argues that res judicata bars
Henry's right to pursue a claim for the community one-half of the four accounts
totaling $362,974.34 because the December 14, 2000 order states that it
considered "any other matters presently pending" and that "[a]ll
further relief sought in this proceeding which is not granted is hereby
denied." He claims that the supplemental petition pending before the court
clearly shows that the issue of characterization of the four accounts was
pending before the court, thus the trial court considered it. Henry responds
that any res judicata argument is waived.
Texas Rule of Civil Procedure 94 states
that in pleading to a preceding pleading, a party shall set forth affirmatively
the defense of res judicata. Tex. R. Civ. P. 94. If a party fails to
affirmatively assert the defense of res judicata, then any such claim is waived.
Dawson-Austin v. Austin, 920 S.W.2d 776, 787 (Tex. App.--Dallas 1996), rev'd
on other grounds, 968 S.W.2d 319 (Tex. 1998), cert. denied, 525
U.S. 1067 (1999); Green v. Doakes, 593 S.W.2d 762, 764 (Tex. Civ.
App.--Houston [1st Dist.] 1979, no writ).
Here, Teddy failed to raise res judicata
as to the four accounts in his Fourth Amended Answer.(1) 
He cannot now attempt to raise the defense as it relates to the December 14,
2000 order previously appealed. Therefore, Teddy has waived his res judicata
claim.
Furthermore, res judicata precludes
relitigation of claims that have been finally adjudicated or that arise out of
the same subject matter and that could have been litigated in the prior action. Barr
v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). It requires
proof of the following elements: (1) a prior final judgment on the merits by a
court of competent jurisdiction; (2) identity of parties or those in privity
with them; and (3) a second action based on the same claims that were raised or
could have been raised in the first action. Amstadt v. U.S. Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996). The December 14, 2000 order was a final
judgment on issues of the status of homestead property and election under Wife's
will. The community property character of the four accounts was not an issue
before the court. Thus, it cannot be a "second action based on the same
claim."
B. Legal Sufficiency of
Motion(2)
Teddy contends that Henry's motion for
summary judgment is legally insufficient because it does not contain specific
grounds for summary judgment. Henry responds that the motion clearly states the
grounds upon which he sought summary judgment.
The Texas Supreme Court, in interpreting
Texas Rule of Civil Procedure 166a, has held that grounds for summary judgment
must be expressly presented in the summary judgment motion itself. McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993). Teddy
argues that the motion does not state any basis for the contention that the four
accounts are the Longs' community property. However, the motion specifically
references the November 18, 1999 trial court order, which approved the inventory
and appraisement in Husband's estate. Although the filed inventory of Husband's
estate is not conclusive evidence of the character of the property listed, it is
prima facie evidence of its character, which was not rebutted by Teddy. See
Krueger v. Williams, 359 S.W.2d 48, 50 (Tex. 1962); see also Robles v.
Robles, 965 S.W.2d 605, 620-21 (Tex. App.--Houston [1st Dist.]
1998, pet. denied) (op. on reh'g) (stating that inventory is not conclusive
evidence of property's character). Henry sufficiently identified the property
that was subject to the motion and identified his reliance on the order
approving Husband's inventory and appraisement. See Tex. R. Civ. P.
166a. He also attached both the inventory and the order approving it as exhibits
to his motion for summary judgment. Although Henry did not specifically list all
four accounts, there is no requirement for such specificity under the rule, and
his motion does clearly state the grounds upon which he sought summary judgment.
See id.
Henry also attached an affidavit by Gary
Estes, a certified public accountant, to his motion for summary judgment. That
affidavit, and the exhibits attached to it, further established the character of
Husband's property. Teddy challenges the affidavit of Gary Estes, contending it
was not incorporated by reference in the motion for summary judgment. However,
Teddy failed to specifically present this issue in his response to the motion
for summary judgment. See McConnell, 858 S.W.2d at 341 (holding that
unless the issue is specifically presented in the response, courts cannot look
to the nonmovant's brief or evidence to determine whether that issue precludes
summary judgment). Thus, he has failed to preserve this issue for review.
After considering Teddy's arguments, we
hold that Henry's motion for summary judgment is not defective.
C. Legal Sufficiency of
Evidence Supporting the Motion
Teddy also argues that the evidence
supporting the motion for summary judgment is legally insufficient.
Specifically, he contends that the two inventories and the order approving the
Husband's inventory have no probative value on the characterization of the four
accounts and that neither Henry's nor Estes's affidavits meet the requirements
of rule 166a. Tex. R. Civ. P. 166a.
Teddy relies on Adams v. Sadler
to argue that the probate court, by approving an inventory, does not determine
the character of the property. 696 S.W.2d 690, 691-92 (Tex. App.--Austin 1985,
writ ref'd n.r.e.). However, as mentioned previously, although the inventory of
the estate filed in the probate court is not conclusive of the character of the
property listed, it is prima facie evidence of the character, which was not
rebutted by Teddy. See Krueger, 359 S.W.2d at 50; Pryor v. Krause,
168 S.W. 498, 502 (Tex. Civ. App.--El Paso 1914, writ ref'd) (holding that title
to property, listed on an inventory, may be rebutted by proof that title was not
in testator).
The order of a probate court is appealable,
and a probate court can have multiple appealable orders. See Crowson v.
Wakeham, 897 S.W.2d 779, 783 (Tex. 1995); Krueger, 359 S.W.2d at
50 (holding that the order of the probate court was appealable); Stubbs v.
Ortega, 977 S.W.2d 718, 721 (Tex. App.--Fort Worth 1998, pet. denied)
(holding that to appeal a probate matter, it is not necessary that the order or
judgment finally and fully dispose of the entire proceeding); Anderson v.
Anderson, 535 S.W.2d 943, 944 (Tex. Civ. App.--Waco 1976, no writ) (stating
that the order of a probate court approving or modifying an inventory is
appealable). The supreme court has outlined the following test for determining
finality of an order in a probate case:

 If there is an express statute, such as
 the one [in this case], declaring the phase of the probate proceedings to be
 final and appealable, that statute controls. Otherwise, if there is a
 proceeding of which the order in question may logically be considered a part,
 but one or more pleadings also part of that proceeding raise issues or parties
 not disposed of, then the probate order is interlocutory.

Crowson, 897 S.W.2d at 783. Here,
there is no express statute that controls. Thus, the question becomes whether
the order at issue "disposed of each issue raised in the pleadings for that
proceeding, or whether the order conclusively disposed of that phase of the
proceeding." Logan v. McDaniel, 21 S.W.3d 683, 688 (Tex.
App.--Austin 2000, pet. denied).
Because the court "approved and
accepted" the order "in all things" on November 18, 1999, the
order conclusively disposed of that phase of the proceeding. Thus, Husband's
inventory became a final, appealable order.(3) 
Although Teddy filed a motion for the court to reconsider the approval of the
inventory and appraisement, the court never ruled on the motion, and he never
appealed. Since Teddy never appealed Husband's approved inventory, the court's
determination is final and binding. See Riggs v. Tech/III, Inc.,
836 S.W.2d 302, 304 (Tex. App.--Dallas 1992, no writ) (holding that purpose of
appellate deadlines is to set a time when a successful litigant will know that
judgment is final and no longer subject to further review or modification); Richards
Mfg. Co. v. Aspromonte, 557 S.W.2d 543, 549 (Tex. Civ. App.--Houston [1st
Dist.] 1977, no writ) (stating that there is "no essential difference
between a case where a judgment has become final by failure to appeal, and one
where the judgment has been affirmed on appeal). Thus, Husband's inventory and
appraisement remains prima facie evidence of its community character.
Next, we address Teddy's substantive
complaints about the two affidavits. Teddy argues that Henry's affidavit
contains a conclusory statement that the exhibits attached to his affidavit are
"a clear indication that the monies of my father and step-mother had been
co-mingled." Because Teddy failed to present this issue in his response, he
has not preserved anything for this court to review. See McConnell, 858
S.W.2d at 341.
Teddy next complains about the affidavit
of Gary Estes, the certified public accountant that Henry hired to prepare the
inventory and appraisement of Husband's estate. He argues that the affidavit
does not meet the requirements of rule 166a(c), which allows summary judgment
based on uncontroverted testimonial evidence of an interested or expert witness
if the evidence is clear, positive, and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted. See
Tex. R. Civ. P. 166a(c). Teddy specifically points to Estes's statement that
"[i]t would be difficult, if not impossible, to trace the source of all
certificates of deposit on hand at FAYE LONG's death. Some of them may be
community property and some may not." He argues that this statement shows
that the affidavit is not "clear, positive and direct, otherwise credible
and free from contradictions." Id. Henry responds that Teddy has
attempted to take only a portion of Estes's analysis and present it as his
conclusion.
To constitute competent summary judgment
evidence, affidavits must be made on personal knowledge, setting forth such
facts as would be admissible in evidence, and must affirmatively show that the
affiant is competent to testify to matters stated therein. Tex. R. Civ. P.
166a(f); Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).
Summary judgment may be based on uncontroverted evidence if that evidence is
clear, positive, direct, free from contradictions, and could have been readily
controverted. Tex. R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551,
558 (Tex. 1989); Montemayor v. Chapa, 61 S.W.3d 758, 762 (Tex.
App.--Corpus Christi 2001, no pet.). Affidavits supporting a motion for summary
judgment must set forth facts, not legal conclusions. Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984) (holding that affidavits containing conclusory
statements unsupported by facts are not competent summary judgment proof); Larson
v. Family Violence & Sexual Assault Prevention Ctr., 64 S.W.3d 506, 514
n. 6 (Tex. App.--Corpus Christi 2001, pet. denied). "A conclusory statement
is one that does not provide the underlying facts to support the
conclusion." Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex.
App.--Texarkana 2000, no pet.).
We hold that Estes's affidavit is
uncontroverted, clear, consistent, positive, direct, free from contradictions,
and will support the summary judgment. See Tex. R. Civ. P. 166a(c). The
affidavit states Estes's education and background as a certified public
accountant and his experience testifying as an expert in accountancy. He
discusses a lengthy list of records that he reviewed in reaching his decisions
concerning the character of the marital property.(4) 
He further states that he and Teddy's accounting expert discussed the records
and the methodology used to analyze the income during the Longs' marriage, and
both agreed the approach was reasonable. Estes then proceeded to state his
opinion concerning the character of the marital assets. Although Teddy tries to
rely on one sentence to establish that the affidavit fails to meet the
requirements of rule 166a(c), a complete reading of the affidavit proves
otherwise. Estes states more than once that it is impossible from the records
reviewed to maintain an assertion of separate property for either party
concerning certain property because of commingling. Thus, we conclude that
Estes's affidavit meets the requirements of rule 166a(c) and is sufficient to
support a motion for summary judgment. See id.; see also Tex.
Fam. Code Ann. § 3.003(a) (Vernon 1998) ("Property possessed by either
spouse during or on dissolution of marriage is presumed to be community
property."); Lukasik v. San Antonio Blue Haven Pools, Inc., 21
S.W.3d 394, 399 (Tex. App.--San Antonio 2000, no pet.) (stating that whether the
testimony of an interested or expert witness satisfies this rule is decided on a
case-by-case basis).
D. Fact Issues
Teddy alleges that the trial court erred
in granting summary judgment because multiple fact issues existed. Henry
responds that the trial court properly granted summary judgment because Teddy
failed to present any controverting affidavits as to the nature of the property.
In a summary judgment case, the issue on
appeal is whether the movant met his summary judgment burden by establishing
that no genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant. Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Friendswood Dev. Co. v.
McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).
Therefore, we must view the evidence and its reasonable inferences in the light
most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
In deciding whether there is a material
fact issue precluding summary judgment, all conflicts in the evidence are
disregarded and the evidence favorable to the nonmovant is accepted as true. Rhone-Poulenc,
997 S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896
S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will not
be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 47.
The summary judgment will be affirmed only if the record establishes that the
movant has conclusively proved all essential elements of the movant's cause of
action or defense as a matter of law. Clear Creek Basin, 589 S.W.2d at
678.
Teddy first tries to argue that when Henry
filed his motion for summary judgment, Henry had pleadings on file with the
trial court that showed that multiple fact issues existed. However, pleadings
are not competent summary judgment evidence, even if sworn or verified. Laidlaw
Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995); Hidalgo
v. Sur. Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971).
Teddy also argues that Estes's affidavit
raises fact issues. Summary judgment may be based on uncontroverted testimony of
an expert witness as to a subject matter that the trier of fact must be guided
solely by the opinion testimony of experts, if the evidence is clear, positive,
and direct, otherwise credible and free from contradictions and inconsistencies,
and could have been readily controverted. Tex. R. Civ. P. 166a(c). If an expert
witness presents legally sufficient evidence to support a motion for summary
judgment, the nonmovant must produce expert testimony to controvert it. Anderson
v. Snider, 808 S.W.2d 54, 55 (Tex. 1991); Rallings v. Evans, 930
S.W.2d 259, 262 (Tex. App.--Houston [14th Dist.] 1996, no writ).
After reviewing Estes's entire affidavit,
we conclude that his conclusions concerning the commingling of the Longs'
property are uncontroverted, clear, consistent, positive, direct, and free from
contradictions. Furthermore, Teddy failed to produce any evidence to controvert
Estes's affidavit. Estes's affidavit even states that the "Certified Public
Accountant designated by the defendants in this case as an expert in the field
of accounting came to my office . . . and we had a discussion about the
properties . . . and all of the records were available to [him] at that time. At
that time we discussed my methodology for analyzing income during the LONGS'
marriage and we both agreed it was a reasonable approach." Teddy could have
had his designated expert produce an affidavit to contradict Estes's findings
and conclusions as to the character of the property; however, he did not. Thus,
the trial court properly granted summary judgment based on the evidence before
it.
III. Modification of
$30,000
Although not presented as a separate point
on appeal, Teddy argues that Henry stipulated that he had received the benefit
of the $30,000 in cash bequeathed to him under Wife's will; however, he
requested and received the same relief in his motion for summary judgment. Since
Teddy raised the argument in his brief, we will address it. See Sumerlin v.
Houston Title Co., 808 S.W.2d 724, 726 (Tex. App.--Houston [14th
Dist.] 1991, writ denied) (stating that appellate courts will consider arguments
contained in the brief, even if it they are not listed as points or issues).
When the parties originally tried this
case, it was presented to the court based on stipulated facts and position
briefs submitted by each party. The parties stipulated that "Plaintiff has
received the use and benefit of the $30,000.00 and automobiles specifically
bequeathed to him under the Edna Faye Long Will." In Henry's motion for
summary judgment, he requested $227,587.82, which included the sum of one-half
of the total cash community property of $366,351.01, one-half of the proceeds
from the sale of the home, and the $30,000 in cash bequeathed under Wife's will.
The trial court granted Henry's requested relief of $277,587.82, which included
the $30,000 in cash already stipulated to by both parties.
When parties stipulate to specific facts,
such agreements are binding upon the parties, trial court, and court of appeals.
See Geo-Western Petroleum Dev. Inc. v. Mitchell, 717 S.W.2d 734, 736
(Tex. App.--Waco 1986, no writ). Because Henry stipulated to using and receiving
the benefits of the $30,000 in cash, the trial court improperly included it in
the summary judgment relief. Thus, we modify the judgment to exclude the $30,000
in cash already used and received and conclude that Henry should have received
$247,587.82. See Tex. R. App. P. 43.2(b) (court of appeals may modify
the trial court's judgment and affirm it as modified), 43.6 (allowing the court
of appeals to make any other appropriate order that the law and nature of the
case require).
IV. Conclusion
Having overruled Teddy's sole point, we
modify the trial court's judgment, affirm the trial court's judgment as
modified, and remand for a recalculation of prejudgment interest according to
the modified award.

  
                                                                    
TERRIE LIVINGSTON
  
                                                                    
JUSTICE
 
PANEL A: DAY; LIVINGSTON and DAUPHINOT, JJ.
DELIVERED: APRIL 17, 2003

1.  We note that Teddy asserted res judicata as a
defense in his Fourth Amended Answer as to a bank account in Granbury, Texas,
but not to the four accounts at issue.
2.  Although Teddy calls his argument a challenge to
the legal sufficiency of the motion, we consider his attack on the motion and
affidavits here as one asserting defects in form.
3.  Furthermore, because probate administration is a
continuing process, its nature contemplates that future decisions must be based
on intermediate decisions. Estate of Navar v. Fitzgerald, 14 S.W.3d
378, 379 (Tex. App.--El Paso 2000, no pet.). Interlocutory appeal is necessary
to provide practical review of erroneous, controlling intermediate decisions
before their consequences become irreparable. Id.; see also
Christensen v. Harkins, 740 S.W.2d 69, 74 (Tex. App.--Fort Worth 1987, no
writ).
4.  He attached a summary of the "voluminous
records" to the affidavit.